# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1970V
(not to be published)

| | |
|---|---|
| MEGAN SWANZER,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: October 26, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Bobbie L. Flynt*, Crandall & Pera Law, LLC, Chagrin Falls, OH, for Petitioner.

*Jennifer Leigh Reynaud*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On December 30, 2019, Megan Swanzer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that as a result of a tetanus-diphtheria-acellular pertussis vaccine she received on March 4, 2018, she suffered a shoulder injury related to vaccination. (Petition at 1). On July 25, 2022 a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 54).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated July 28, 2022 (ECF No. 60), requesting a total award of $40,272.76 (representing $39,814.35 in fees and $458.41 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 59). Respondent reacted to the motion on August 29, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 61). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests compensation for attorney Bobbie Flynt at the following rates: $400 per hour for time billed in 2019; $423 per hour for time billed in 2020; $453 per hour for time billed in 2021; and $475 per hour for time billed in 2022. (ECF No. 60-2). Some of these rates require adjustment.

Ms. Flynt has previously been awarded slightly lower rates for these years: $385 per hour for time billed in 2019; $420 per hour for time billed in 2020; and $430 per hour for time billed in 2021. *See Taylor v. Sec'y of Health & Human Servs.,* No. 18-0798V, 2019 WL 5855903, (Fed. Cl. Spec. Mstr. Aug. 13, 2019); *Rose v. Sec'y of Health & Human Servs.,* No. 19-1639V, 2021 WL 6425256, (Fed. Cl. Spec. Mstr. Dec. 9, 2021); *Ellington v. Sec'y of Health & Hum. Servs.,* No. 19-1866V, 2021 WL 5504704 (Fed. Cl. Spec. Mstr. Oct. 18, 2021). I find no reason to deviate from the previously awarded rates. Accordingly, I reduce Ms. Flynt's rates to $385 per hour for time billed in 2019; $420 per hour for time billed in 2020; and $430 per hour for time billed in 2021. This results in a reduction of **$943.60**.[3]

The requested rate for 2022 falls within the experience range provided in OSM's Rate Fee Schedule for similarly situated attorneys. Although it is somewhat of a "high jump" in terms of an increase, I find it reasonable under the circumstances and shall award it herein.[4]

## ATTORNEY COSTS

Petitioner requests $458.41 in overall costs. (ECF No. 60 at 1). This amount is comprised of shipping costs and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable, and shall award them in full.

---

[3] This amount consists of 2019: ($400 - $385 = $15 x 24.95 hrs = $374.25) + 2020: ($423 - $420 = $3 x 31.85 hrs = $95.55) + 2021: ($453 - $430 = $23 x 20.6 hrs = $473.80) = $943.60

[4] The Attorneys' Forum Fee Schedule for 2022 is available at: http://www.uscfc.uscourts.gov/node/2914

3

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion in part, awarding a total of **$39,329.16** (representing $38,870.75 in fees and $458.41 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.